UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS,<br>Petitioner,<br>v.<br>BUNMI O. AWONIYI,<br>Respondent. | No. 2:25-cv-2690 DAD AC<br><br>ORDER |

Petitioner, an inmate at Sacramento County Jail, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. ECF Nos. 1, 4, 9. The case is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases reveals numerous defects that prevent service of the petition.[1] First, petitioner has named Bunmi O. Awoniyi, the presiding judge of Sacramento Superior Court, as respondent. ECF No. 1 at 1. The proper respondent in a federal habeas action is the petitioner's custodian. See 28

[1] The petition is 156 pages long including exhibits. It is not the court's job to sift through voluminous exhibits in search of petitioner's claims.

U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 435-36 (2004). Second, it appears from the face of the petition that state remedies have not been exhausted. Petitioner indicates that he was convicted after a trial and that he appealed, but not that there has been a decision on appeal or finality at the level of the California Supreme Court. ECF No. 1 at 2-3. A federal habeas petition may not be brought until after a conviction is final and the convicted person has presented all his federal claims to the highest state court. Picard v. Connor, 404 U.S. 270, 276 (1971).

Third, it is unclear whether this court has jurisdiction and whether petitioner has stated any cognizable habeas claim. Under "grounds for relief," petitioner specifies provisions of California law. ECF No. 1 at 5. Federal habeas jurisdiction is limited to claims that state custody violates the federal Constitution or other federally guaranteed rights. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991). This court may not entertain claims that arise under California law. See Richmond v. Lewis, 506 U.S. 40, 50 (1992).

Petitioner's statement of facts is illegible in significant part, and difficult to understand even where it can be read, but as best the court can tell petitioner is concerned about sentencing issues and potential resentencing options, mental health treatment related to his underlying criminal proceedings and/or present confinement, and alleged interference by jail staff with his access to the courts, among other things. None of these concerns are linked to any identifiable federal right, and none appears to be cognizable in habeas. Issues related to conditions of confinement, including violations of an inmate's rights during incarceration, must be raised in a civil rights complaint rather than a habeas petition. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). Habeas claims are limited to those attacking the legality or duration of confinement. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). And as previously noted, a claim based on state law—including sentencing issues that affect the duration of custody—cannot be brought in federal court. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989).

Petitioner also appears to seek an order from this court directed to the presiding judge of the Sacramento County Superior Court. This court has no authority to issue such orders. Demos v. U.S. District Court, 925 F.2d 1160, 1161 (9th Cir. 1991) ("We further note that this court lacks jurisdiction to issue a writ of mandamus to a state court."); Clark v. Washington, 366 F.2d 678,

681 (9th Cir. 1966) ("The federal courts are without power to… direct state courts or their judicial officers in the performance of their duties[.]").

For all these reasons, the petition will not be served. Instead, petitioner will be provided an opportunity to file an amended petition. An amended petition should be limited to claims that the fact or duration of petitioner's custody violates his federal rights, and it should only be filed if petitioner has in fact exhausted his state court remedies as to those federal claims. Any amended petition should name petitioner's present custodian as the respondent. It should be legible, briefly state the facts supporting each claim, and must not include excessive exhibits.

The court also notes that petitioner has filed a motion seeking transfer from Sacramento County Jail to another facility. ECF No. 13. This court lacks authority to provide the requested relief. Moreover, because the court's jurisdiction remains unclear no motions will be entertained unless and until an amended petition is filed which provides a basis for federal habeas jurisdiction.

CONCLUSION

Accordingly, it is hereby ordered as follows:

1. Petitioner's motion to proceed in forma pauperis (ECF Nos. 4, 9) is GRANTED;
2. Petitioner's request for rehousing (ECF No. 13) is DENIED;
3. Petitioner may file an amended petition for writ of habeas corpus, 28 U.S.C. § 2254, within thirty (30) days. An amended petition must be limited to 25 pages, including exhibits, and should comply with the instructions provided above. If petitioner fails to file an amended petition, the undersigned will recommend summary dismissal pursuant to Rule 4, Rules Governing Section 2254 Cases in the4 United States District Courts.

DATED: August 6, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE